**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **GLORIA WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 7:26-cv-00184-WLS** |
| **v.** | ) | |
| | ) | |
| **LOWE'S HOME CENTERS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## QUALIFIED HIPAA PROTECTIVE ORDER

Upon the Parties' agreement, the Court finds that good cause exists for entry of a qualified protective order under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and 45 C.F.R. § 164.512(e) to permit the disclosure and govern the use of protected health information during this litigation.

Accordingly, IT IS ORDERED:

1. Scope. This Order applies to all protected health information ("PHI"), as defined by 45 C.F.R. § 160.103, concerning Plaintiff Gloria Williams that is produced in this action by any covered entity, healthcare provider, business associate, or records custodian.

2. Authorization. Any covered entity, healthcare provider, business associate, or records custodian receiving a subpoena, discovery request, or other lawful process in this action is authorized under 45 C.F.R. § 164.512(e) to disclose Plaintiff Gloria Williams's responsive PHI to the extent otherwise permitted by law.

3. Use Limited to This Litigation. PHI disclosed under this Order shall be used or disclosed solely for preparing for or conducting this litigation, including investigation, consultation, discovery, depositions, trial preparation, trial, mediation, settlement, post-trial proceedings, appeal, and uses incidental to this action. PHI shall not be used or disclosed for any other purpose.

4. Permitted Disclosures. For purposes of this litigation, PHI may be disclosed to the Parties; counsel of record and their employees; insurers and claims professionals involved in this action; retained experts, consultants, and investigators; treating or consulting healthcare providers; witnesses or deponents to the extent reasonably necessary; the Court and its personnel; court reporters, videographers, mediators, and litigation-support vendors; and the professional and support staff of those persons and entities. Each recipient shall be informed that the PHI is subject to this Order and may be used only for this litigation.

5. Confidential Treatment. PHI disclosed under this Order shall be treated as CONFIDENTIAL under the Stipulated Confidentiality Protective Order entered in this action. Nothing in this Order authorizes the filing of PHI under seal without compliance with the Court's applicable rules and procedures.

6. Return or Destruction. Within forty-five (45) days after final disposition of this action, including the exhaustion of all appeals, each Party and each person or entity that obtained PHI under this Order shall return the PHI to the covered entity or other person that produced it or shall destroy the PHI, including all copies made.

7. Continuing Effect. The restrictions on the use and disclosure of PHI and the obligations imposed by this Order survive the conclusion of this action. A copy of this Order shall have the same force and effect as the original.

SO ORDERED, this 5th day of October, 2026.

W. Louis Sands

W. LOUIS SANDS, SENIOR JUDGE
UNITED STATES DISTRICT COURT