IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **GLORIA WILLIAMS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Case No. 7:26-cv-00184-WLS** |
| v. | ) |
| | ) |
| **LOWE'S HOME CENTERS, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## STIPULATED CONFIDENTIALITY PROTECTIVE ORDER

Information and documents will be exchanged in this case that may contain sensitive business, personal, proprietary, or confidential information. Accordingly, the Court ORDERS that this Stipulated Confidentiality Protective Order shall govern the disclosure of information in this case.

1. Confidential Information. "Confidential Information" means any documents or information, in whatever form, that the producing party or a non-party reasonably and in good faith believes (1) are not in the public domain and (2) contain confidential, proprietary, strategic, research, development, commercial, or private information. Confidential Information may include, without limitation, Lowe's Home Centers, LLC's proprietary policies and procedures and personnel records of current or former employees, including disciplinary records and identifying information.

2. Designation of Confidential Information. When a party produces or presents material that it considers to be Confidential Information, it may designate the material as "CONFIDENTIAL" at the time of production or presentation. All materials designated as Confidential Information shall contain a written "CONFIDENTIAL" designation.

3. Non-Party Designations. Any non-party that is producing documents, information, or other material that it considers to be Confidential Information may designate such documents, information, or other material as "CONFIDENTIAL." Thereafter, the provisions of this Order shall apply to the protected material.

4. Deposition Testimony and Exhibits. Confidential Information used or disclosed during a deposition may be designated as "CONFIDENTIAL" on the record during the deposition. In addition, any party shall have thirty (30) days after receipt of the final deposition transcript to provide written notice to the parties of the specific pages and lines of the transcript or exhibits that contain Confidential Information. Until expiration of the thirty-day period, all parties shall treat the entire transcript, including exhibits, as Confidential Information subject to the protections of this Order. If no party timely designates the transcript or a portion of the transcript as Confidential Information, the transcript will not be treated as such.

5. Use of Confidential Information. Confidential Information shall not be used or disclosed by any party or non-party bound by the terms of this Order, or their respective representatives and agents, including their attorneys, for any purpose other than the prosecution or defense of this case, including any appeal.

6. Permitted Disclosures. Confidential Information shall be disclosed only to the following:

a. The parties' (or bound non-parties') counsel and their partners, associates, or employees to whom disclosure is reasonably necessary to render professional services in this matter;

b. A party who is bound by the terms of this Order, including its officers, directors, members, or employees, but only to the extent disclosure is reasonably necessary for purposes of this litigation;

c. An expert or consultant retained by a party (or bound non-party) or its counsel to assist in the conduct of this litigation;

d. A witness or prospective witness in this litigation, but only to the extent reasonably necessary in preparing to testify;

e. Court reporters while performing their official duties;

f. The Court and its personnel and any other tribunal to which an appeal of this action is taken, including the staff of such tribunal;

g. Copying services, translators, and litigation-support firms providing consultation, graphics, or jury research, including focus-group participants;

h. Other persons to whom the designating party chooses to disclose the Confidential Information; and

i. Insurers, reinsurers, third-party administrators, and their respective representatives involved in the handling, adjustment, evaluation, defense, settlement, or coverage of this matter.

7. Agreement to Be Bound. Before Confidential Information is disclosed to any person identified in Paragraph 6(c), (d), or (g), counsel making the disclosure shall provide that person with a copy of this Order and obtain the person's agreement to be bound by its terms.

8. Filing Confidential Information with the Court. All documents, briefs, and other papers containing, referring to, or otherwise disclosing Confidential Information that are filed with or otherwise submitted to the Court shall be handled in accordance with applicable law and the Court's rules and procedures governing materials filed under seal. A party seeking to file Confidential Information under seal shall file an appropriate motion to seal and otherwise comply with the Court's applicable filing and service procedures for sealed documents. Nothing in this Order shall be construed as authorizing the filing of any document under seal without approval of the Court.

9. Use at Hearings or Trial. The use of Confidential Information at any hearing or trial shall be subject to such procedures and protections as the Court may order. A party seeking to maintain the confidentiality of such information shall raise the issue with the Court before its use or disclosure, when practicable.

10. Challenges to Confidentiality Designations. Any party or bound non-party challenging a confidential designation shall meet and confer with the designating party in an attempt to resolve the dispute. If the parties are unable to resolve the dispute, the challenging party may file a motion asking the Court to resolve the dispute. The designating party shall bear the burden of establishing that the challenged material is entitled to confidential treatment. Pending resolution by the Court, the confidential designation shall remain in full force and effect.

11. Inadvertent Failure to Designate. Pursuant to Federal Rule of Evidence 502(d), the disclosure of a document or information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege or protection shall not constitute a waiver of such privilege or protection in this action or in any other

federal or state proceeding. Nothing in this paragraph shall require disclosure of privileged or protected information.

12. Inadvertent Production of Privileged or Protected Information. The inadvertent production of any document or information shall not constitute a waiver of any applicable privilege or protection for purposes of this litigation or any other proceeding. If a party inadvertently produces information that it asserts is protected by the attorney-client privilege, work-product doctrine, or other applicable privilege or protection, without intending to waive such privilege or protection, it shall promptly notify the receiving party of its claim. After being so notified, the receiving party shall promptly return, sequester, or destroy the specified information and any copies in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).

13. Preservation of Discovery Objections. Nothing in this Order shall be construed as a waiver by any party of its right to object to any request for discovery. This Order shall not be construed as an agreement by any party to produce any document or information. Nothing in this Order shall prevent a party from challenging a confidentiality designation under applicable law.

14. Return or Destruction of Confidential Information. Within forty-five (45) days after the final disposition of this action, each person or party who received information or documents designated as "CONFIDENTIAL" shall either (1) return the confidential materials, including any copies, to the party or non-party that produced or disclosed them, or (2) destroy such materials and certify to the producing party or non-party that they have been destroyed. This provision is subject to the file-retention requirements of the parties' counsel, provided that any Confidential Information retained pursuant to such requirements shall remain subject to this Order. For purposes of this paragraph, "final disposition" means dismissal of all claims and defenses or entry of final judgment after completion and exhaustion of all appeals, rehearings, remands, trials, or reviews, or expiration of the time for seeking such relief.

15. Modification and Continuing Effect. The parties may enter into further stipulations regarding their treatment of Confidential Information. However, the restrictions imposed by this Order may be modified or terminated only by order of the Court. This Order shall survive the termination of this action.

SO ORDERED, this 5th day of October, 2026.

W. Louis Sands

W. LOUIS SANDS, SENIOR JUDGE
UNITED STATES DISTRICT COURT

**APPROVED AND AGREED TO BY:**

**BUTLER SNOW LLP**

*/s/ Pamela L. Ferrell*
Pamela L. Ferrell
Georgia Bar No. 569713
1170 Peachtree Street, NE, Suite 1900
Atlanta, Georgia 30309
(678) 515-5011
Pamela.Ferrell@butlersnow.com

*Counsel for Defendant Lowe's Home Centers, LLC*

**FARAH & FARAH, P.A.**

*/s/ Kathrine Carrasquillo*
(signed with express permission)
Kathrine Carrasquillo
Georgia Bar No. 746135
4355 Coral Park Drive
Brunswick, Georgia 31520
(912) 289-4036
kcarrasquillo@farahandfarah.com

*Counsel for Plaintiff Gloria Williams*